DANTE T. PRIDE (SBN 262362)
**THE PRIDE LAW FIRM**
2831 Camino Del Rio S, Suite 104
San Diego, California 92108-3827
Telephone: 619.516.8166
Facsimile: 619.785.3414
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASKIN, individually and on Behalf Of All Others Similarly Situated, | CASE NO. 3:17-cv-01530-JLS JLB |
| Plaintiffs, | **PLAINTIFF'S UNOPPOSED MOTION FOR 60-DAY EXTENSION OF SCHEDULING ORDER DEADLINES** |
| v. | Judge:  Magistrate Judge Jill L. Burkhardt |
| Global Exchange Vacation Club, Global Exchange Development Corp., Global Vacations Marketing Corp., Resort Vacations, Inc., Richard Sargent; DOES 1-10, ABC CORPORATIONS 1-10, ZYZ, LLC's 1-10, Inclusive | FSC Date:     None Set<br>Trial Date:   None Set |
| Defendants. | |

## I. FACTUAL BACKGROUND

On November 27, 2016, Plaintiff Joshua Askin received an unsolicited and unwanted telephone call to his cellular phone, in violation of the Telephone Consumer Protection Act.  47 U.S.C. § 227, et seq.  Upon speaking with the mystery caller, Plaintiff was able to deduce that what he was receiving was a sales call from an individual attempting to sell vacations and/or time-shares over the phone. Based upon his conversation with the mystery caller, and by the information Plaintiff was given by the mystery caller, Plaintiff believed the caller to be an

employee and/or agent of the Defendants named herein.  As such, Plaintiff filed this action on July 28, 2017.

On October 2, 2017, the Court held an Early Neutral Evaluation ("ENE"). After the ENE, the Court issued its Scheduling Order (ECF No. 11).  The Court's Order, set initial dates for amending the pleadings, November 13, 2017; Class Certification discovery cut-off, February 5, 2018; and the general discovery cut-off of April 5, 2018.  It is from this initial Order that Plaintiff now seeks relief, due to a calendaring error.

## II. <u>GOOD CAUSE EXISTS FOR PLAINTIFF'S REQUEST TO EXTEND DISCOVERY</u>

The Court may "for good cause" extend the time for discovery under Fed. R. Civ. P. 6(b)(1)(B) if Plaintiff can show "excusable neglect."  The Court may also relieve a party from a final judgment, order or proceeding if the party can show mistake, inadvertence, surprise or excusable neglect.  See *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380 (1993).  "Excusable neglect" is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.  *Id.* at 391.  In fact, excusable neglect may often extend to inadvertent delays.  *Id.* at 392; [*citations omitted*].  In an "excusable neglect" analysis, Courts should consider "all relevant circumstances" when making an excusable neglect determination.  *Id*. at 395.  In doing this analysis, Courts are instructed to consider at least four factors: 1) the danger of prejudice to the opposing party; 2) the length of any delay and its potential impact on the proceedings; 3) the reason for the delay; and 4) whether movant acted in good faith.  *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1223 – 1224 (9th Cir. 2000).

Here, Plaintiff's slow beginning to discovery is due to two things: Plaintiff counsel's instruction not being followed by staff (and counsel failing to timely follow-up) and a calendaring error.  *See generally*, Exhibit A: Declaration of Dante

Pride in support of this motion.  With the press of other business, the holiday season, a rough beginning to the new year and a mis-calendared date; the totality of the circumstances weighs in favor of the court finding Plaintiff counsel's mistake and inadvertence both constitute excusable neglect. *Id.*  Further, the four factors delineated by the Court in conducting an excusable neglect analysis also weigh in favor of the court finding excusable neglect and allowing Plaintiff to continue discovery efforts.

First, Defendants in this matter maintain that they have no knowledge of the phone number that was used to call Plaintiff's phone in November 2016.  By extending the initial class certification discovery deadline, the court will allow Plaintiff to ascertain the true owner of the at-issue phone number so that this matter can be resolved on the merits; in line with widely accepted judicial policy. See e.g., *Rodgers v. Watt* (9th Cir. 1983) 722 F.2d 456, 459 ("[T]he Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits..."). Further, discovery is only in its infancy and aside from the mistakenly unserved subpoenas, Plaintiff has timely participated in discovery in good faith. As well, the stipulation – which the parties hope the Court adopts – addresses any potential prejudice to Defendants by not subjecting Defendants to more discovery, unless and until the ownership of the at-issue number is established.  See Exhibit B: *Stipulation Between the Parties*.  For these reasons, Defendants will not suffer prejudice if the Court grants Plaintiff the requested relief.

Second, the length of the delay weighs in favor of the Court allowing Plaintiff to continue with discovery.  Plaintiff's request is but one week beyond the original cut-off date, and some 17 days beyond the original time within which to file this motion; based on the Court's Chamber Rules.  However, prior to the class-certification discovery deadline, the parties had already agreed – in principle – to a stipulation that extended Plaintiff's time to seek this necessary discovery.  *See*

Exhibit: A; Pride Declaration ¶ 34.  Even without the inadvertence of Plaintiff's counsel, the parties would likely still have needed to seek court intervention to extend discovery as it already seems that the owner of the at-issue number has taken various steps to conceal his/her/it's identity. *Id*. at ¶¶ 5-10. Plaintiff's requested relief, even with the short delay, should have very little impact on the case as it moves forward.

Third, as more clearly laid out in counsel's declaration, the reason for the initial delay was due to counsel's failure to follow up with a task he assigned to a subordinate.  *Id.* at ¶ 13.  For this mistake, counsel takes full responsibility.  But such a mistake, absent a finding of bad faith, *should not* be one that renders Plaintiff's claim untenable. As well, counsel's mistake with filing this motion after February 5, 2018, was not due to a lack of diligence on Plaintiff counsel's part. Instead, as clearly identified in counsel's declaration, the delay was due to counsel's incorrect belief that the parties needed to speak with the Court on a joint phone call before being allowed to file this motion.  *Id*. at ¶¶ 31 – 40.  To this end, counsel worked diligently to set dates for multiple calls with the Court; both prior to and after the original February 5, 2018 cut-off.  *Id*.

Finally, Plaintiff is unaware of any indicators that demonstrate Plaintiff's counsel acted in bad faith.  Aside from the approximately 30-day delay due to failing to follow-up on an order to a subordinate, Plaintiff's counsel has timely responded to discovery and electronic communications from opposing counsel. Even with the month Plaintiff's counsel outlined in his declaration, counsel still worked diligently to address his firm's errors in prosecuting this case.  Absent any indicators of bad faith, Plaintiff respectfully requests that the Court grant Plaintiff's requested relief and allow Plaintiff to continue with class-certification discovery.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court relieve Plaintiff from the class-certification discovery cut-off and allow Plaintiff to

continue discovery so that this matter may be concluded in the interests of justice; and on the merits.

Dated:  February 13, 2018                    **THE PRIDE LAW FIRM**

By: _____
DANTE T. PRIDE
Attorneys for Plaintiff
JOSHUA ASKIN

PLAINTIFF'S UNOPPOSED MOTION FOR 60-DAY
EXTENSION OF SCHEDULING ORDER DEADLINES