# Exhibit A

DANTE T. PRIDE (SBN 262362)
**THE PRIDE LAW FIRM**
2831 Camino Del Rio South, Suite 104
San Diego, California 92108
Telephone: 619-516-8166
Facsimile: 619-785-3414
dpride@pridelawfirm.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASKIN, individually and on Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Global Exchange Vacation Club, Global Exchange Development Corp., Global Vacations Marketing Corp., Resort Vacations, Inc., Richard Sargent; DOES 1-10, ABC CORPORATIONS 1-10, ZYZ, LLC's 1-10, Inclusive<br><br>Defendants. | CASE NO. 3:17-cv-01530-JLS JLB<br><br>**DECLARATION OF DANTE PRIDE IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR 60-DAY EXTENSION OF SCHEDULING ORDER DEADLINES**<br><br>Judge: Magistrate Judge Jill L. Burkhardt<br><br>FSC Date:    None Set<br>Trial Date:  None Set |

I, DANTE T. PRIDE, declare:

1.     I am an attorney duly licensed to practice before this Court and also a Partner at The Pride Law Firm, located in San Diego, California. We are the attorneys of record for the Plaintiff JOSHUA ASKIN.

2.     The facts stated within this declaration are personally known to me and if called as a witness in the above-captioned action, I can testify competently thereto.

3.     Shortly after the initial ENE conference for this matter on October 2, 2017, Plaintiff sought to begin discovery.

**DECLARATION OF DANTE T. PRIDE ISO UNOPPOSED MOTION FOR 60-DAY EXTENSION**     1

4. First, Plaintiff propounded Special Interrogatories on all Defendants on October 16, 2017.

5. Also that time we were also able to ascertain a connection between the at-issue number and "Findwhocallsyou.com". But under further investigation, we realized that the only way to find "Findwhocallsyou.com" was to continue through "GoDaddy".

6. Second, Plaintiff issued two subpoenas on who we believed to be the owner of the at-issue telephone number. "GoDaddy" was served on October 18, 2017, while O1 Communications was served on October 26, 2017.

7. On October 26, 2017, "GoDaddy" advised us that the "domain listed in the subpoena [has] privacy", and instructed us to forward the subpoena to "Domains by Proxy, LLC."

8. Upon learning of the name "Domains by Proxy, LLC", our investigator was tasked with finding out more information about the company.

9. On November 3, 2017, O1 Communications responded to Plaintiff's subpoena by referring to another IP Phone company: "Global POPs" in Pittsburgh, PA.

10. On or about November 9, 2017, our investigator was tasked with finding out more information about Global POPs in Pittsburgh, PA.

11. Also on November 9, 2017, Plaintiff received discovery responses from Defendants. An international company, located in the Philippines was identified by Defendants as a vendor.

12. On November 21, 2017, Plaintiff served timely responses to Defendants' first set of discovery. On November 27, 2017, Plaintiff received a meet & confer letter from Defendants' regarding Plaintiff's first set of discovery responses.

13. Also on November 27, 2017, my office held a "team meeting" wherein

DECLARATION OF DANTE T. PRIDE ISO UNOPPOSED MOTION FOR 60-DAY EXTENSION

2

I tasked my legal secretary with preparing subpoenas for Global POPs and Domains by Proxy.

14. On December 5, 2017, Plaintiff propounded his second set of discovery on Defendants attempting to seek additional information on the international company identified in Defendants' prior discovery responses.

15. On December 12, 2017, Plaintiff gave a timely response to Defendants' Second Set of Requests for Production.

16. On December 19, 2017, Plaintiff provided supplemental responses to address Defendants' meet & confer attempt.

17. On December 21, 2017, I was informed by my post-bar law clerk that there was a mistake in the Complaint filed for this matter. Shortly thereafter, I asked her to contact opposing counsel to see if he would be amenable to stipulating to amend the complaint to fix the error.

18. On January 3, 2018, opposing counsel responded that he did not wish to stipulate to amend the complaint. Also on January 3, 2018, I responded and let opposing counsel know that we would instead move to amend the complaint via motion and we would get dates the next day.

19. But on January 4, 2018, I was formally retained on a serious criminal Gross Vehicular Manslaughter case involving three Navy sailors.  The client meeting, case intake, and meeting with the family took me out of the office for most of the day.

20. Also on January 4, 2018, I was informed that BOTH of my best friend's grandparents – with whom I lived for a few years and had a very strong personal/familial relationship – passed away on January 4, 2018.

21. I was out of the office – every day – in various court hearings, depositions, and client meetings from January 5, 2018 - January 16, 2018. (I can provide a copy of my schedule with the court if necessary.)  Also during this same

DECLARATION OF DANTE T. PRIDE ISO
UNOPPOSED MOTION FOR 60-DAY
EXTENSION

3

time period, January 9 – January 16 specifically, my law partner and wife was out of the office due to various medical procedures.

22. On January 17, 2018 I took an all-day deposition in another matter. On January 18, 2018, I was formally retained on a criminal matter in Banning, CA, wherein the defendant is charged with a host of very serious and violent felonies; with the potential exposure of Life in prison.

23. On January 19, 2018, I was again out of the office for most of the day helping prepare the burial services for my best friend's grandparents.

24. Also on January 19, 2018, my post-bar clerk, and the only other attorney in my office even tangentially knowledgeable about this matter left the office on vacation from January 19th through January 26th.

25. On January 21, 2018, my daughter was diagnosed with pneumonia. Needless to say, this diagnosis also took me out of the office for a few days.

26. On January 29, 2018 I returned to the office. On that day, I conducted an all-day deposition in a very difficult and technical civil matter.

27. After the deposition, I began reviewing the entirety of my cases as I was out of the office quite a bit in December and January due to illness, family emergencies, and the press of business; and I was also set to leave out of the office again on Monday, February 5, 2018 for business travel out of state. It was on this day that I realized the subsequent subpoenas in this matter had not been served; as I requested back in November 2017. As such, my legal secretary was given a written warning.

28. January 29, 2018 was also the day my post-bar clerk returned to the office. I held a meeting with her to task her with issuing the subpoenas.

29. On January 30, 2018, my post-bar clerk informed me that after reviewing the Court's scheduling order, the class-certification deadline was on February 5, 2018. This date was not on my calendar. Instead, only the March 5,

DECLARATION OF DANTE T. PRIDE ISO
UNOPPOSED MOTION FOR 60-DAY
EXTENSION                                        4

2018 motion date was improperly calendared as the cut-off date.

30. My legal secretary was given a final written warning for this subsequent mistake.

31. Believing that in order to file a motion for an extension, we needed to have a joint call with opposing counsel and the court, my clerk reached out to opposing counsel on January 30, 2018; hoping to set a call for January 31, 2018. Opposing counsel informed us that he was unavailable for a call on January 31, 2018, and instead offered January 30, 2018. Unfortunately, I was unavailable for a call that day.

32. On February 1, 2018, the next date that opposing counsel was available for a call, I was in an all-day mediation in Orange County. Despite being in mediation, I scheduled a joint-call with opposing counsel at 11am on February 1, 2018.

33. At 11:00 am on February 1, 2018, myself and opposing counsel called the Court. The Court was unavailable and we left a message.

34. Subsequent to our call to the court, opposing counsel and I were able to meet & confer regarding Plaintiff's desire to continue with discovery. Having discussed the matter, opposing counsel was amenable to a stipulation, provided the stipulation was clear that it was Plaintiff seeking the extension, it clearly limited the scope of discovery to third-party document requests related to the at-issue telephone number, it outlined the specific actions that Plaintiff planned to take, and a date for completion of the third-party subpoenas related to the identification of the owner of the at-issue subpoenas.

35. On Sunday, February 4, 2018, I sent opposing counsel a subsequent email letting him know that I believed our only way to amend the Court's scheduling order was to first have a joint call. As such, I asked for opposing counsel's availability for a joint call on February 5, 2018.

DECLARATION OF DANTE T. PRIDE ISO
UNOPPOSED MOTION FOR 60-DAY
EXTENSION

5

36. This belief was my mistake.

37. I left the state for business on February 5, 2018 and returned to the office on February 9, 2018.

38. On February 5, 2018, however, my office did issue notices for the subsequent subpoenas; with a service date of February 19, 2018.

39. Unfortunately, opposing counsel was unavailable for a joint call on February 5th and 6th; and I was unavailable on February 7th and 8th. As such, I informed opposing counsel that I would have my office schedule a joint call for Friday, February 9, 2018.

40. On February 7, 2018, my legal secretary informed me that in attempting to set a joint call with the court, she was informed by the court's clerk that I needed to re-read the Court's Chamber Rules.

41. As such, on February 9, 2018, I informed opposing counsel that I believed the way to go was to actually file either a stipulation or joint motion.

42. I did not have the ability to draft any moving papers on February 9, 2018. I drafted this declaration as soon as I was able.

43. I can provide documentation for any statement made in this declaration and requested by the Court, for an in-camera review.

44. On February 13, 2018, I contacted opposing counsel and received confirmation of Defendants' non-opposition to the motion for extension attached hereto.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Date: February 13, 2018

_____
Dante T. Pride, Esq.

DECLARATION OF DANTE T. PRIDE ISO UNOPPOSED MOTION FOR 60-DAY EXTENSION                6