UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASKIN, individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>v.<br><br>GLOBAL EXCHANGE VACATION CLUB, GLOBAL EXCHANGE DEVELOPMENT CORP., GLOBAL VACATIONS MARKETING CORP., RESORT VACATIONS, INC., RICHARD SARGENT, DOES 1-10, ABC CORPORATIONS 1-10, ZYZ, LLC's 1-10, Inclusive,<br><br>                      Defendants. | Case No.: 17-CV-1530 JLS (JLB)<br><br>**ORDER DENYING MOTION TO STAY**<br><br>(ECF No. 21) |

      Presently before the Court is Plaintiff Joshua Askin's Motion to Stay Proceedings, ("MTN," ECF No. 21). The Motion is unopposed. Having considered Plaintiff's arguments, the Court rules as follows.

      Courts have the discretionary power to stay proceedings. *Ali v Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "the competing interests [that] will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant*

*Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

Here, the parties are in the discovery process.  Magistrate Judge Burkhardt has granted Plaintiff's motions for extension of time to complete discovery on three occasions, (ECF Nos. 14, 18, 20), as well as twice granting motions to extend the deadline for filing a class certification motion, (ECF Nos. 14, 18).  Plaintiff's pending Motion to Stay explains that he has identified a third-party entity necessary to determine the identity of whomever called Plaintiff in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, (MTN 2–3).  This third party is in Texas and has not responded to Plaintiff's subpoena. (*Id.* at 2.)  Plaintiff states that he is pursuing a motion to compel against the third party in the State of Texas. (*Id.*)

Plaintiff argues a stay of proceedings will preserve judicial resources because Plaintiff "will likely be forced to file a duplicative cause of action against Defendants if he is not permitted addition [sic] time to obtain discovery that identifies the owner and operator of the phone number at issue in the case." (*Id.* at 3 (citation omitted).)  Next, Plaintiff contends that a stay will not prejudice Defendants and Plaintiff points out that Defendants have stipulated to the stay. (*Id.*)  Finally, Plaintiff asserts that he will be unduly burdened if he is not permitted additional time to pursue his subpoena. (*Id.* at 4.)  Plaintiff hypothesizes that if he is not allowed additional time then all his efforts to pursue this litigation will be for naught. (*Id.*)

At its core, Plaintiff's Motion to Stay is a request for an extension of time to complete discovery.  This is evident from Plaintiff's arguments that he will be forced to file a duplicative action and that he will be unduly burdened if he is not permitted additional time to obtain discovery.  The proper vehicle for Plaintiff's request was to file a motion for

extension of time to complete discovery. Instead, he filed a Motion to Stay. Plaintiff speculates he will be forced to file duplicative litigation without the stay. He further theorizes that this Motion to Stay is necessary to avoid undue hardship and inequity. The Court recognizes these concerns; however, Plaintiff has not asked for a further extension of time from Magistrate Judge Burkhardt. Until he does so, Plaintiff's concerns about undue hardship and inequity remain hypothetical and not concrete. The balance of interests do not warrant a stay when a narrower remedy—a renewed motion to extend time for discovery—exists.

Accordingly, the Court **DENIES** Plaintiff's Motion to Stay, (ECF No. 21). Plaintiff may pursue an extension of time to complete discovery with Magistrate Judge Burkhardt.

**IT IS SO ORDERED.**

Dated: June 5, 2018

Hon. Janis L. Sammartino
United States District Judge